UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINGLING FAN,<br><br>        Plaintiff,<br><br>-against-<br><br>CALIFORNIA UNIVERSITY – SILICON VALLEY; IVIE CHEN; PHILIP YANG,<br><br>        Defendants. | 25-CV-7291 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who does not reside in this District,[1] brings this *pro se* action asserting claims under California state law and the civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Named as Defendants are California University – Silicon Valley ("CUSV"), and CUSV employees Ivie Chen and Philip Yang. Plaintiff provides a Sunnyvale, California address for all defendants. For the following reasons, this action is transferred to the United States District Court for the Northern District of California.

## DISCUSSION

Plaintiff's claims under state law are governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff provides her address in her motion to seal and requests that her contact information be kept under seal. In light of Plaintiff's request, the Clerk of Court has not listed Plaintiff's address on the public docket and has limited viewing of her motion to seal to case participants only.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff also attempts to bring claims under the RICO Act, which includes a venue provision, 18 U.S.C. § 1965(a). Civil RICO Act claims "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Venue for a RICO Act claim thus generally lies where a defendant resides or transacts affairs.

Although Plaintiff does not provide residential addresses for the individual defendants, she alleges that CUSV is located in Sunnyvale, California, and that the individual defendants are employed at CUSV. Plaintiff does not allege that any defendants reside in this District or the State of New York.[2] Nor does she allege that Defendants transact affairs in this District. Because Defendants reside or are employed in Sunnyvale, California, and transact affairs in Sunnyvale, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1) or Section 1965(a).

Plaintiff alleges that Defendants defrauded her, refused to provide her with her diploma, and misled her with respect to a college program at CUSV, which is located in Sunnyvale. Even though Plaintiff alleges that she is unable to obtain a professional license in the State of New York because CUSV refused to issue her diploma and official transcripts, and that she suffered

---

[2] This District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

an "illegal lockout and burglary" in the State of New York,[3] it is clear from the complaint that a substantial part of the actions taken by Defendants that give rise to Plaintiff's claims occurred in Sunnyvale. Because Plaintiff does not allege facts demonstrating that a substantial part of her claims occurred in this District, venue for her state law claims is not proper in this Court under Section 1391(b)(2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Sunnyvale, California. Furthermore, all defendants reside or are employed in Sunnyvale, and transact affairs there. Sunnyvale is in the Northern District of California.[4] *See* 28 U.S.C. § 84(a). Accordingly, venue for Plaintiff's state law claims and RICO claims lies in the Northern District of California, 28 U.S.C. § 1391(b)(1), (2); 18 U.S.C. § 1965(a). In the interest of justice, the Court transfers this action to the United States District Court for the Northern District of California, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in the Southern District of New York.

---

[3] Plaintiff asserts that the individuals responsible for the New York lockout and burglary are "aligned with" Defendants, but she provides no facts in support of that assertion.

[4] The Court notes that Plaintiff alleges that she filed a similar action in the Santa Clara County Superior Court that is proceeding under docket number 24CV451097.

3

Decisions regarding Plaintiff's motion for a temporary restraining order and motion to seal are left to the transferee court. The Clerk of Court is directed to terminate all pending motions.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 5, 2025
         New York, New York

                                             /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                           Chief United States District Judge