UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINGLING FAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA UNIVERSITY - SILICON VALLEY, et al.,<br><br>　　　　　Defendants. | Case No.  25-cv-07860-VKD<br><br>**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; (2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915; AND (3) DENYING WITHOUT PREJUDICE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 12, 13, 14 |

On August 30, 2025, Lingling Fan, who is representing herself, filed a complaint in the U.S. District Court for the Southern District of New York ("SDNY"), alleging (among other things) violation of the RICO statute, 18 U.S.C. § 1961, *et seq*.  Pursuant to an order issued by SDNY, the action was transferred to this District.  *See* Dkt. No. 6.  Following transfer, this Court issued an order directing Ms. Fan to indicate whether she intended to seek leave to proceed in forma pauperis ("IFP") by filing an updated IFP application on this District's IFP application form.[1]  Dkt. No. 9.  Now pending before this Court are Ms. Fan's IFP application and her motion to seal her IFP application and contact information.  Dkt. Nos. 12, 13, 14.

For the reasons discussed below, this order grants Ms. Fan's IFP application.  Additionally, this order denies without prejudice Ms. Fan's sealing motion; stays service of process; and screens her complaint pursuant to 28 U.S.C. § 1915.  Ms. Fan is directed to take corrective action by **November 21, 2025**, or her case may be dismissed.

---

[1] The SDNY transfer order terminated all then-pending motions, including Ms. Fan's original IFP application.  *See* Dkt. Nos. 2, 6.

## I. IFP APPLICATION

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

Following the transfer of this action, the Court ordered that if Ms. Fan presently seeks leave to proceed without prepayment of the filing fee, she should complete this District's IFP application form and file that form with the Court. *See* Dkt. No. 9. That order appended a courtesy copy of the IFP application form and also provided Ms. Fan with a link where the form can be accessed on this District's website. *Id*. Rather than file a renewed IFP application on the appropriate form, Ms. Fan re-filed a copy of her August 26, 2025 IFP (short form) application that she filed in SDNY. *See* Dkt. No. 12; *see also* Dkt. No. 2.

Although Ms. Fan failed to comply with the Court's order to file a renewed IFP application as directed, the Court has considered her short form application, which reflects that she has no income or assets, and that she has some debt. Dkt. No. 12. On this basis, the Court finds that Ms. Fan is eligible for IFP status and grants her application.

## II. REVIEW OF COMPLAINT

While pro se pleadings are liberally construed, a complaint does not state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). A complaint must include facts that are "more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible if the facts pled permit the court to draw a reasonable inference that

the defendant is liable for the alleged misconduct. *Id*. at 679.

According to her complaint, Ms. Fan is a practitioner of traditional Chinese medicine. Dkt. No. 1 at ECF 1. Defendants are California University-Silicon Valley ("University"), Ivie Chen, and Philip Yang. Papers appended to the complaint identify Ms. Chen as the Director of Student Services. *See id*. at ECF 8. Mr. Yang is identified as President of the University. *See id*. at ECF 7, 12. Ms. Fan alleges that defendants fraudulently duped her into enrolling at the University, and then wrongfully withheld her diploma, in an effort to prevent her from obtaining a license and competing with defendants' clinic. She also alleges, among other things, that defendants forced her to work at their clinic "at depressed wages"; that Mr. Yang harassed and/or stalked her; and that "[d]efendants or their associates orchestrated" a car accident intended to injure her and interfere with her licensure. *Id*. at ECF 1-3. The complaint further alleges, "[o]n information and belief" that "actors . . . aligned with Defendants" are responsible for an "illegal lockout + burglary in NY" in which "devices with internship logs and videos [were] stolen." *Id*. at ECF 3. While the complaint appends communications (apparently from the Sunnyvale police department) questioning the extent of injury to Ms. Fan or damage to her car (if any), Ms. Fan maintains that the accident resulted in personal injury and "significant damage" to her car. *See id*. at ECF 3, 4, 24-25, 27. Documents appended to the complaint also indicate that defendants placed Ms. Fan on disciplinary probation for failure to pay her tuition in full and for threatening, quarreling with, and harassing other University students, staff, and officials—assertions which Ms. Fan disputes. *See id*. at ECF 12-22.

The complaint seeks compensatory damages of $45 million, as well as injunctive relief, including the issuance of a diploma and a "verification letter confirming degree/zero balance/conferral date," an order of "No-contact/anti-interference," and "Evidence preservation + limited forensic imaging." *See id*. at ECF 6.

The complaint asserts federal diversity jurisdiction under 28 U.S.C. § 1332, which provides that federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. While the complaint seeks sums exceeding the $75,000 threshold, Ms.

3

1  Fan does not allege the citizenship of each of the parties, including herself. *See id*. at ECF 2; *see*
2  *also* Civil L.R. 3-15(b)(3) (in diversity actions under 28 U.S.C. § 1332(a), requiring non-
3  government parties to file a statement of citizenship). Accordingly, the complaint, on its face,
4  does not assert sufficient facts to support federal diversity jurisdiction. To the extent Ms. Fan
5  continues to rely on diversity of citizenship as a basis for federal jurisdiction, she must file an
6  amended complaint that states the citizenship of each party to support diversity jurisdiction under
7  28 U.S.C. § 1332.
8  　　　The complaint also asserts federal question jurisdiction under 28 U.S.C. § 1331. *See* Dkt.
9  No. 1 at ECF 2. In addition to several state law and/or common law claims,[2] Ms. Fan asserts a
10 sole federal claim for violation of the RICO statute. For the reasons discussed below, the
11 complaint does not allege sufficient facts plausibly supporting an essential element of her RICO
12 claim.
13 　　　RICO imposes civil liability on persons and organizations engaged in a "pattern of
14 racketeering activity," 18 U.S.C. § 1962(c), and "provides a private right of action for '[a]ny
15 person injured in his business or property' by a RICO violation," *Sybersound Records, Inc. v. UAV*
16 *Corp.*, 517 F.3d 1137, 1146-47 (9th Cir. 2008) (quoting 18 U.S.C. § 1964(c)). "RICO focuses on
17 'racketeering activity,' which the statute defines as a number of specific criminal acts under
18 federal and state laws." *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008)
19 (citing 18 U.S.C. § 1961(1)). The elements of a civil RICO claim are "(1) conduct (2) of an
20 enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing
21 injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*,
22 431 F.3d 353, 361 (9th Cir. 2005) (quotations and citation omitted).
23 　　　Ms. Fan's complaint indicates that her RICO claim is based on 18 U.S.C. § 1962(c). She

---

[2] The complaint lists claims for "Fraud/Fraudulent Inducement (including promissory fraud)"; "Malicious Competition/Tortious Interference with Prospective Economic Advantage" (Cal. Bus. & Prof. Code §§ 17200, 16600; common law)"; "Negligent Misrepresentation (alternative)"; "Rescission & Restitution/Unjust Enrichment/Constructive Trust"; "Promissory Estoppel (alternative)"; "Conversion/Detinue (diploma & official transcripts)"; "IIED; Assault & Battery; Civil Conspiracy"; "Unfair Competition (Cal. Bus. & Prof. Code § 17200)"; "Harassment (including workspace sexual harassment) & Hostile Environment (Reported)"; and "Workplace Bullying and Coercion." *See* Dkt. No. 1 at ECF 3-5.

4

alleges that defendants "engaged in a pattern of racketeering activity" and lists several acts of alleged misconduct, including "Fraudulent enrollment communications and misrepresentations (wire/mail fraud, 18 U.S.C. § 1341, § 1343)." *See* Dkt. No. 1 at ECF 4-5.  The Court does not at this time assess whether Ms. Fan's complaint sufficiently pleads each element of a civil RICO claim.  However, insofar as the complaint indicates that her RICO claim sounds in fraud, Ms. Fan must also meet the heightened pleading standard of Rule 9 of the Federal Rules of Civil Procedure, which requires a party alleging fraud to "state with particularity the circumstances constituting fraud[.]"  Fed. R. Civ. P. 9(b).  "Allegations of fraud under [RICO] section 1962(c) must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme."  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (quotations and citation omitted); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) (requiring party pleading RICO fraud claim to allege time, place, and specific content of false representations, as well as the identities of the parties to the misrepresentations).  As currently drafted, Ms. Fan's RICO claim is not pled with sufficient particularity.  For example, the predicate acts of mail and wire fraud are alleged in general terms, with no specificity regarding the identity of the parties who made the alleged misrepresentations using the mail or interstate wires, the content of such misrepresentations, or the time and place of such misrepresentations.

Ms. Fan is directed to file an amended complaint that pleads her RICO claim with the necessary particularity.

## III. SEALING MOTION

Ms. Fan requests sealing for her IFP application and her contact information, citing privacy concerns.  Dkt. No. 14.  None of the information in those filings warrant sealing under Rule 5.2(a).  Ms. Fan has not sufficiently explained the legitimate private or public interests that warrant sealing.  Nor did she follow the procedures in this District's Civil Local Rule 79-5 for requesting sealing for documents in civil cases.  Ms. Fan's motions to seal are denied without prejudice.  For any future motions to seal, Ms. Fan is directed to review and follow the procedures in Civil Local

Rule 79-5.[3]

## IV.   CONCLUSION

As explained above, the Court grants Ms. Fan's IFP application.

For the reasons discussed above, as currently pled, Ms. Fan's complaint does not state sufficient facts to support diversity jurisdiction under 28 U.S.C. § 1332 and does not state sufficient facts to support a plausible RICO claim sounding in fraud. These are the only bases on which she asserts that this Court has federal subject matter jurisdiction. Ms. Fan therefore is directed to file an amended complaint addressing the issues described above. Her amended complaint must be filed no later than **November 21, 2025** and must include the caption and civil case number used in this order, Case No. 25-cv-07860-VKD, and the words "First Amended Complaint" on the first page.

If Ms. Fan does not file an amended complaint in time, or if the amended complaint fails to cure all defects described above, the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed in whole or in part.

**IT IS SO ORDERED.**

Dated: November 3, 2025

Virginia K. DeMarchi
United States Magistrate Judge

---

[3] This District's Civil Local Rules are available at https://cand.uscourts.gov/sites/default/files/local-rules/CAND_Civil_Local_Rules_10_25.pdf.